IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02994-REB-CBS

BRUCE JEFFREY TEMPLE,

    Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER REGARDING ATTORNEYS' FEES INFORMATION**

---

This matter comes before the Court on the Stipulated Motion for Protective Order submitted by Plaintiff, Bruce Jeffrey Temple ("Plaintiff" or "Mr. Temple"), and Defendant, Continental Casualty Company ("Defendant"), by and through their respective counsel.

Mr. Temple desires to produce the detailed time entries and other privileged or confidential information ("Attorney Fee Information") from the fees billed or incurred by Holland & Hart and the Langdale, Volloton law firms in jointly defending Mr. Temple and Elk River Partners, LLC. The Attorney Fee Information supports Mr. Temple's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action. Mr. Temple desires to protect such privileged and confidential information from any claim of waiver of any privilege or confidentiality.

The Court hereby GRANTS the Motion for Protective Order as follows:

The production of Attorney Fee Information supporting Mr. Temple's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action shall not constitute the waiver of any privilege or confidentiality and will be strictly subject to the following terms and conditions:

**I.      Strict Confidence.**

The parties and their representatives shall maintain the Attorney Fee Information in the strictest confidence.

**1.      Limited Purpose.**

The Attorney Fee Information may only be used by Defendant for the purpose of defending against Mr. Temple's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action.  Defendant agrees and the Court orders that the Defendant shall not use the Attorney Fee Information for any other purpose whatsoever.

**2.      No Waiver of Privilege or Confidentiality.**

Defendant agrees and the Court orders that the production of Attorney Fee Information by Mr. Temple shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to the attorney-client privilege and the protection afforded to work-product materials.

**3.      No Assertion of Waiver.**

Defendant agrees and the Court orders that Defendant shall never assert in any context that the production by Mr. Temple of the Attorney Fee Information constitutes a waiver of any privilege or confidentiality.

**4.      Limited Reproduction.**

Defendant agrees and the Court orders that Mr. Temple shall produce a paper copy of its Attorney Fee Information.  Defendant shall not make more than four (4) paper copies of the Attorney Fee Information.  Defendant shall not make any electronic copies of the Attorney Fee Information.

**5.     Limited and Controlled Dissemination.**

Defendant agrees and the Court orders that Defendant shall not disseminate any of the Attorney Fee Information to anyone other than its legal counsel, independent consultants, experts their employees and only after such independent consultants, experts their employees signs a copy of the attached form of Acknowledgment of Protective Order Regarding Attorneys' Fees Information.  The Acknowledgment shall state that the signatory has read, understands, and will abide by the terms of this Order; that they will not disclose the Attorney Fee Information or the information contained therein to any person or use the Attorney Fee Information for any purpose other than to defend against Mr. Temple's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action, and that Defendant's independent consultants, experts their employees understand that unauthorized disclosure of the protected documents may constitute contempt of court.  The Acknowledgments so obtained shall be deemed work product, and Defendant's counsel shall retain them, provided, however, that such Acknowledgments shall be subject to production in any action or proceeding to enforce the terms of this Protective Order or to punish any violation of this agreement.

**6.     Return of Original and All Copies.**

Upon written request of Temple's counsel, and following final termination and adjudication of Mr. Temple's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action, including the final exhaustion of all appeals, any party or person who received any Attorney Fee Information, or references to such Attorney Fee Information, must return the original and all copies of the Attorney Fee Information to Mr. Temple's counsel and certify in writing that he/she has destroyed any and all references to the Attorney Fee Information.

**7.     Filing Under Seal.**

If during the course of the litigation, a Party finds it necessary to file with the Court material protected by this Order, all such materials shall be filed in accordance with D.C.COLO.LCivR 7.2 C.

**8.     Termination.**

The provisions of this Order shall continue to be binding after final termination and adjudication of Mr. Temple's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action, including the final exhaustion of all appeals.

**9.     Responsibility of Attorneys.**

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of the Attorney Fee Information.

**10.    Enforcement.**

This Protective Order may be enforced by any court of competent jurisdiction.

**SO ORDERED THIS 25th OF MAY, 2011.**

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that I have read and understood the terms of the foregoing Protective Order ("Order") and will abide by the terms of the Order. I also agree that I will not disclose any Attorney Fee Information or the contents contained therein to any person or use the Attorney Fee Information for any purpose other than to evaluate the reasonableness of the Plaintiff's claims for damages for his liability for the cost of defending the Ivars and Bernstein civil action. I understand that unauthorized disclosure of any of the Attorney Fee Information or its contents to any unauthorized person will constitute contempt of court.

_____

Dated:_____

Dated May 18, 2011.

Respectfully submitted,

| */s/ Timothy M. Rastello* | */s/ Troy R. Olsen* |
|---|---|
| Timothy M. Rastello | Troy R. Olsen |
| HOLLAND & HART LLP | Rothgerber Johnson & Lyons LLP |
| 1800 Broadway, No. 300 | 90 South Cascade Avenue Suite 1100 |
| Boulder, CO 80302 | Colorado Springs, CO  80903 |
| 303.473.2727 | (719) 386-3013 |
| 303.975.5358 (fax) | (719) 386-3070 |
| trastello@hollandhart.com | tolsen@rothgerber.com |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |