**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02994-REB-CBS

BRUCE JEFFREY TEMPLE,

    Plaintiff,

vs.

CONTINENTAL CASUALTY COMPANY,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER REGARDING**
**CONFIDENTIAL INFORMATION**
_____

    This matter comes before the Court on the Stipulated Motion for Protective Order submitted by Plaintiff, Bruce Jeffrey Temple ("Plaintiff" or "Mr. Temple"), and Defendant, Continental Casualty Company ("Defendant") (collectively the "Parties"), by and through their respective counsel.  Mr. Temple and Defendant, and their Counsel of Record, stipulate to a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional Confidential Information during discovery and questioning concerning Confidential Information in the course of depositions.  The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.  The Parties have entered into

this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information, except as set forth herein.[1]

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential financial, banking, proprietary, and/or personal information. Confidential Information also may include those documents previously produced and bates labeled BJT000001 through BJT000178 and CCC0001 through CCC0557 so long as the Party so claiming designates specific documents from these groups as "Confidential" prior to August 25, 2011.

3. Where Confidential Information is produced, provided, or otherwise disclosed by a Party in response to any discovery request, other than the documents produced previously and identified in paragraph 2 above, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; or

---

[1] This Stipulated Protective Order Regarding Confidential Information does not affect the validity or enforceability of the Stipulated Protective Order Regarding Attorneys' Fee Information entered by the Court on May 25, 2011. This Stipulated Protective Order Regarding Confidential Information is intended to apply to Confidential Information other than the Attorney Fee Information protected by the May 25, 2011 Order.

        c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty (30) calendar days after receipt of the transcribed testimony.

4.    All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

        a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

        b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an Acknowledgment in the form of Exhibit A has been signed.

5.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by court order.

6.    The Party's counsel who discloses Confidential Information to an individual authorized to review Confidential Information pursuant to this Protective Order shall advise such individual of the terms of the Protective Order, admonish each such individual to abide by the terms of the Protective Order, shall obtain and retain the original Acknowledgements signed by authorized recipients of Confidential Information,

and shall maintain a list of all individuals to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation, and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information and copies made, pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.

11. Any Party who inadvertently produces a document(s) protected by any privilege or the work product doctrine or inadvertently fails to identify a document(s) as

"Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error to the Parties' counsel. Any Party, counsel, or authorized recipient of such improperly produced or designated documents shall return the original and all copies and permanently destroy any electronic copy of such document(s). If the document(s) is not privileged, but should be classified as Confidential, such document(s) shall be returned to the producing Party for proper designation and marking.

12. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of all such materials shall be filed in accordance with D.C.COLO.LCivR 7.2 C and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of

Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. Upon termination of this litigation, including any appeals, each Party's counsel shall upon request promptly return to the producing party all Confidential Information provided subject to this Protective Order, together with all extracts, abstracts, charts, summaries, notes or copies made.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**SO ORDERED THIS __21st _OF AUGUST, 2011.**

                           **BY THE COURT**

                           *s/Craig B. Shaffer*
                           **Craig B. Shaffer**
                           **United States Magistrate Judge**

## ACKNOWLEDGMENT

I, _____, hereby acknowledge that I have read and understood the terms of the foregoing Stipulated Protective Order Regarding Confidential Information ("Order") and will abide by the terms of the Order. I also agree that I will not disclose any Confidential Information or the contents contained therein to any person or use the Confidential Information for any purpose other than this civil action. I understand that unauthorized disclosure of any of the Confidential Information or its contents to any unauthorized person will constitute contempt of court.

_____

Dated:_____

-8-

Dated August 11, 2011.

Respectfully submitted,

| | |
|---|---|
| */s/ Timothy M. Rastello* | */s/ Troy R. Olsen* |
| Timothy M. Rastello | Troy R. Olsen |
| HOLLAND & HART LLP | Rothgerber Johnson & Lyons LLP |
| 1800 Broadway, No. 300 | 90 South Cascade Avenue Suite 1100 |
| Boulder, CO 80302 | Colorado Springs, CO  80903 |
| 303.473.2727 | (719) 386-3013 |
| 303.975.5358 (fax) | (719) 386-3070 |
| trastello@hollandhart.com | tolsen@rothgerber.com |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |