IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| Civil Action: 10-cv-02994-REB-CBS | FTR - Reporter Deck-Courtroom A402 |
| Date: December 22, 2011 | Courtroom Deputy: Laura Galera and Robin Mason |

| *Parties:* | *Counsel:* |
|---|---|
| BRUCE JEFFREY TEMPLE, | Timothy Rastello (appearing by telephone) |
| Plaintiff, | |
| v. | |
| CONTINENTAL CASUALTY COMPANY, | Lyndsay Arundel |
| Defendant. | |

**COURTROOM MINUTES/MINUTE ORDER**

**HEARING:   MOTION HEARING**
**Court in Session:**   9:05 a.m.
Court calls case. Appearances of counsel.

Discussion between court and parties regarding Defendant Continental Casualty Company's Opposed Motion to Preclude or Reopen Testimony (Docket No. 54, filed on 12/8/2011).

Discussion between the court and counsel regarding attorney fees being claimed by the plaintiff and how it relates to Mr. Temple's ownership interest. Defendant advises court that no documentation has been provided to them to support the claim by the plaintiff and that they would like to be able to further explore the subject of ownership interest and any related attorney fees. The defendant requests the court order the plaintiff to supplement their previous discovery and disclosures. Defendant requests discovery be reopened for the limited purpose of issuing subpoenas on Alpine Bank and to gain access to relevant records from Elk River, LLC.

Discussion between the court and counsel regarding the documents already produced and other documents that still need to be produced by the plaintiff. Discussion regarding when the Alpine Bank records will be produced and specifically what records need to be produced to the defendant.

Discussion regarding whether Mr. Temple has access to the records the defendant wants to review (due to the ownership interest he has) and if there were actual payments and/or credits as well as what evidence there is and how it relates to the claims. Defendant requests access to documentation pertaining to Elk River, LLC regarding capital costs. The plaintiff advises the court that he feels the affidavits and sworn testimony is enough to supports the claims.

The defendant decides that if Mr. Temple can and will access and provide the requested records and accompanying documentation on his own, a subpoena will not be needed. The plaintiff agrees to contact Mr. Temple to discuss this possibility.

For the reasons as stated on the record, it is:

**ORDERED:** The defendant shall put together a complete list of all documents they need and provide the list to the plaintiff in the form of a letter. The plaintiff shall review this letter and determine if/when Elk River, LLC and Mr. Temple will be willing to produce the requested documents. If there is any push back on the part of the plaintiffs in providing these documents to the defendant, the court may allow Continental Casualty Company to perform 30(b)(6) depositions via order of the court. The court advises both parties that if any conflicts arise they may contact the court for a conference call in an attempt at resolving them.

**ORDERED:** Defendant Continental Casualty Company's Opposed Motion to Preclude or Reopen Testimony Doc. #[54] is held in ABEYANCE to allow parties time to work through complications.

HEARING CONCLUDED.

**Court in recess**:     9:51 a.m.
Total time in court:     00:46

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.